FRANCES A. KENYON *vs.* UNITED ELECTRIC RAILWAYS CO.

JUNE 30, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This action of trespass on the case is brought to recover damages for personal injuries. After trial in the Superior Court the jury returned a verdict for the plaintiff for $19,000. Defendant's motion for a new trial was granted by the trial justice if plaintiff refused to remit $5000 of the verdict. The case is before this court on the exceptions of each party to this decision of the trial justice and other exceptions taken during the trial.

The only exception necessary to be considered is the one to the denial of defendant's motion for a directed verdict on the ground that the action was not commenced within the time limited by law.

There is legal evidence to support the finding that, as alleged in the declaration, plaintiff was seriously injured October 22, 1926 by the negligent starting of one of defendant's trolley cars.

By § 4876 of Chapter 334, General Laws, 1923, entitled: "Of the Limitation of Actions," it is provided that: "Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after." Plaintiff did not commence her action until the 25th day after the expiration of the two years fixed by this statute. In reply to defendant's special plea in bar to the effect that plaintiff could not maintain her action because it was not commenced within two years after her cause of action accrued, plaintiff filed a replication alleging that she ought not to be barred from maintaining her action because defendant, by its agents and servants, caused her to delay bringing said action within said two years "by inducing her by words to that effect to believe that an amicable settlement of her claim against the defendant would be made without suit." Defendant's demurrer to this replication was overruled and its exception was noted. Issue was then joined on the facts alleged in the replication.

The exception to the denial of the motion for a directed verdict requires a construction of the statute above quoted. "If the language of the statute is plain and free from

ambiguity, and expresses a single, definite and sensible meaning, the meaning is conclusively presumed to be the meaning which the legislature intended to convey. In other words, the statute must be interpreted literally." In such a case the court is not at liberty to substitute for the will of the legislature its own ideas as to the justice, expediency or policy of the law, *Blais et al.* v. *Franklin et al Commrs.*, 31 R. I. 95, 105, 106, and no construction will be adopted which will defeat the evident purpose of the statute, *Greenough, Atty Gen. ex rel.* v. *Board of Police Commissioners*, 29 R. I. 410, and the court cannot declare a statute void as against public policy. *Baxter* v. *Tripp, C. T.*, 12 R. I. 310. In *Griffin* v. *Woodhead*, 30 R. I. 204, this court said it was of the opinion that this statute was "explicit as to the period of limitation for all actions for injuries to the person, whatever may be their form." The language of the statute is clear and definite and has only one meaning.

Plaintiff seeks to avoid the effect of this statute by claiming that defendant is estopped from pleading it in bar of her action under authority of *Reynolds, Adm.* v. *Hennessy*, 17 R. I. 169, where it was held on demurrer to replication that defendant's fraudulent concealment of the existence of the cause of action would hinder the operation of the statute of limitations, the court saying, "if one by fraud conceals the fact of a right of action for six years, it is not engrafting an exception on the statute to say he is not protected thereby, but it is simply saying he never was within it, since the protection was never designed for such as he." Soon after this opinion was rendered the General Assembly adopted the substance of it by enacting a law, now known as § 4882, General Laws, 1923, which provides in substance that if any person, liable to an action by another, shall fraudulently, by actual misrepresentation, conceal from him the existence of the cause of such action said cause of action shall be deemed to accrue at the time when the person entitled to sue thereon shall first discover its existence.

The case and statute just cited do not apply to the facts in the case at bar for there was no concealment of the cause of action from plaintiff. It appears in the record that defendant's adjuster, Mr. Lavoice, did not know of the accident to the plaintiff until she called at the office of the defendant in November, 1926 and told him about her accident and gave him the number of the conductor and the number of the trolley car; the adjuster said they would look the matter up; that after this interview, November 22, defendant's claim agent wrote to plaintiff that her claim had been investigated and, if she would call at his office, he would be glad to talk with her. After the receipt of this letter plaintiff went to defendant's office in November, met Mr. Lavoice and had a talk with him during which he asked her how much she wanted and she said she had been injured severely and would wait until she had recovered before she made a final claim and he said: "Then you will come in and let us know when you are ready to settle" and she said "Yes" and he replied: "We will do the right thing by you. It is evident you have been badly injured and we will do the right thing by you." Eighteen months passed before plaintiff went again to the office of defendant in May, 1928 and had a talk with Mr. Lavoice during which he asked her how much she wanted and she named him a figure and he said he would see about it and let her know. In July, 1928, plaintiff telephoned to Mr. Lavoice that she had not heard from him and he said she would hear from him. Not hearing from Mr. Lavoice she telephoned in September and he said that they had been very busy but that she would hear from him. She did not hear from him and telephoned again November 5, 1928 and he said that they would not do anything as they had dropped the case. November 9 she went to the office of Mr. Lavoice and asked him why they did not let her know they would not do anything and he said "they had been very, very busy in the office," and she said: "I made a proposition to you" and he said she "had asked too much" and she replied: "I made this proposition and

the next move was yours and why didn't you let me know" and he made no reply. Plaintiff also testified that the reason she did not bring her action prior to November 16, 1928, was because she was waiting to hear from them because "they had agreed to do the right thing by me and I expected they would and was waiting for them to."

This testimony of the plaintiff does not show that Mr Lavoice fraudulently, by actual misrepresentation, concealed from plaintiff the existence of her cause of action. Plaintiff does not prove that she comes within any of the exceptions stated in said Chapter 334 which would prevent the running of the statute of limitations against her cause of action. Exceptions in statutes of limitations in favor of persons laboring under disabilities are strictly construed and the enumeration by the legislature of specific exceptions by implication excludes all others. 17 R. C. L. 827; 37 C. J. 985; *Hoge* v. *Blair et al.*, 141 S. E. 444 (W. Va.).

As a general rule courts are without power to read into statutes exceptions which have not been named therein however reasonable they may seem. *Mack, Appt.* v. *Mendels*, Respt. 249 N. Y. 356, 61 A. L. R. 386; 17 R. C. L. 688, 828. Where there is no fraud shown, neither the ignorance of a person of his right to bring an action nor the mere silence of a person liable to the action prevents the running of the statute of limitations. *Coe et al.* v. *Sloan et al.*, 100 P. (Idaho) 354.

Plaintiff claims that defendant is estopped by the conduct of its agents from pleading the statute of limitations. In *Riddell* v. *Rochester German Ins. Co.*, 36 R. I. 240, this court said: "The application of the doctrine of estoppel *in pais* usually arises from the misrepresentation or concealment of material facts on the part of the person to be estopped. 'The primary ground is that it would be fraud in a party to assert what his previous conduct has denied when others have acted on the faith of that denial'." The court examined the testimony offered to prove estoppel and held that the testimony did not warrant the presumption or

inference that it was intended or calculated to deceive or mislead the insured, and therefore would not establish an estoppel *in pais*, and was rightfully excluded.

Plaintiff does not claim that Mr. Lavoice said he would settle her case or that he thought it would be settled or that he told her it would be unnecessary for her to engage a lawyer or that she refrained from retaining a lawyer on account of anything Mr. Lavoice said to her. Mr. Lavoice never requested plaintiff not to sue defendant and plaintiff never agreed to refrain from commencing an action against defendant. Nothing appears in the record to show that plaintiff could not have commenced an action against defendant at any time within the two years after the accrual of her right of action, namely, the date of her injury. At no time did Mr. Lavoice call upon plaintiff to try and induce her to settle her claim against defendant.

The case at bar is distinguishable from that of *W. P. Hamblin, Inc.* v. *Newark Fire Ins. Co.*, 48 R. I. 473; in that case it appeared the defendant referred Mr. Doyle to its attorney for settlement and the attorney told Mr. Doyle the claim would be paid upon the production of a certain witness by Mr. Doyle and, upon this assurance being made, plaintiff did not commence its action within the time limited in its insurance policy and after the production of the witness by Mr. Doyle defendant refused to settle and it was held that the defendant was estopped from relying on the limitation of time within which the action must be brought. We have examined the other authorities cited by plaintiff and find they are differentiated on the facts from the case at bar, and it would unduly extend this opinion to comment on them.

Much of the reasoning in the case of *Torek* v. *Butler*, 50 R. I. 347, where complainant neglected to file his claim against the estate of a deceased person within the time limited by law is applicable to the case at bar.

Ignorance of the law is no excuse. Plaintiff was bound to know that, in the absence of fraud, unless she commenced

her action against defendant within two years from the date of her injury, her cause of action would be barred by the statute above quoted. Plaintiff was under no disability and could have commenced her action against defendant at any time within two years after her cause of action accrued. Defendant's agents said nothing to persuade or induce her not to commence an action against the defendant. We cannot nullify our statute by judicial interpretation. As the court said in *Bodne* v. *Austin*, 2 S. W. 2d (Tenn.) 104, "certainly we would not be justified in assuming fraud in order to prevent the running of the statute of limitations."

For the reasons stated we are of the opinion that the trial justice erred in denying defendant's motion for a directed verdict and the exception thereto is sustained.

On July 7, 1930, at 9 o'clock a. m., Standard time, plaintiff may appear before this court and show cause, if any she has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Ralph M. Greenlaw*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.