JOHN I. BYRON *vs.* GREAT AMERICAN INDEMNITY CO. *et al.*

JULY 3, 1934.

PRESENT:   Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill is brought to enforce liability under a policy of motor vehicle liability insurance. After trial in the Superior Court on bill, answer and proof, a final decree was entered ordering the respondent company to pay complainant $5,000 with interest and costs. The company appealed from this decree on the grounds that it is contrary to the law and the evidence.

The facts are undisputed. Complainant is a resident of the city of Pawtucket and the second respondent, James Brown, is a resident of Attleboro, Massachusetts. On January 10, 1930, complainant was seriously injured in Attleboro by Brown's negligent operation of an automobile. Complainant commenced an action at law against Brown in the Superior Court in this State. After trial, verdict was rendered for the complainant. The verdict was sustained by this court and judgment for $9,000 was ordered entered. 53 R. I. 91. Complainant then brought this bill to compel the respondent company—hereinafter referred to as respondent—to pay $5,000 on account of this judgment because it had insured Brown against motor accident liability.

Respondent filed an answer in which it alleged that it was liable under its policy issued to Brown only in case the

injured person brought his action against Brown within one year from the date of such injury. The trial court overruled this defense. This adverse ruling is the principal reason alleged for respondent's appeal. It raises the question: is an insurer, who issues a policy under the Massachusetts Compulsory Motor Vehicle Liability Insurance Act, liable thereunder to one injured in Massachusetts by the assured who brings an action against him later than one year after the date of the injury?

The pertinent part of the statute of limitations of Massachusetts reads: "actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by Chap. 90 (relates to motor vehicles) and . . . suits by judgment creditors in such actions of tort under Sec. 113 of Chap. 175 . . . shall be commenced only within one year next after the cause of action accrues." Sec. 4, Chap. 260, G. L. Mass. 1932.

The statute of limitations of this State provides: "Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after." § 4876, G. L. 1923.

Complainant was injured by Brown on January 10, 1930. His right of action accrued at that time. *McLearn* v. *Hill*, 276 Mass. 519; *Kenyon* v. *United Electric Railways Co.*, 51 R. I. 90. Under the statutes of limitation above mentioned, complainant could commence an action against Brown in Massachusetts before January 11, 1931, and not thereafter, or he could commence such action in this State any time before January 11, 1932. Complainant did commence his action against Brown in this State by writ dated January 19, 1931. The writ was handed to the sheriff for service on the same day and was served upon Brown on January 22, 1931.

Complainant's right to commence and maintain his common law right of action against Brown in this State was unquestioned. Such an action is controlled by the statute of limitations of the state where the action is commenced,

and not by the statute of the state where the cause of action accrued. *Staples* v. *Waite*, 30 R. I. 516; *Crocker* v. *Arey*, 3 R. I. 178.

Respondent admits this proposition but contends that its liability under its policy is limited to paying a judgment in an action commenced against Brown only within one year after the cause of action accrued, as fixed by the Massachusetts statute of limitations. It claims that this statute is by reference incorporated in the policy and is a limitation upon the right of complainant to sue it as insurer of Brown. This contention requires a construction of the policy and the laws of the state requiring compulsory motor vehicle insurance.

Respondent issued to Brown an insurance policy containing an insuring clause entitled "Statutory Coverage" in which it agreed: "To pay all sums, in accordance with the provisions of Chapter 346 of the Acts of 1925 of the Commonwealth of Massachusetts and all acts amendatory thereof and supplementary thereto, which the assured shall become liable to pay as damages imposed by law for bodily injuries . . . occurring upon the ways of . . . Massachusetts." The chapter appears in the Opinion of the Justices To The Senate, 251 Mass. 569.

Respondent's agreement was "to pay all sums in accordance with the provisions of Chapter 346" which the assured might become liable to pay as damages imposed by law for bodily injuries. Sec. 10 of said chapter provides, among other things, that actions of tort for bodily injuries or for death, the payment of judgments in which is required to be secured by Chapter 90, shall be commenced only within one year next after the cause of action accrues.

Construing this section in *Bickford* v. *Furber*, 271 Mass. 94, the court held that the limitation within which an action must be commenced to enforce liability in connection with compulsory security for death caused by motor vehicles reduced the time from two years, fixed in a statute giving an action for causing death by negligence, to one year. The

court said: "It is not to be supposed that the Legislature, in connection with requiring security for the payment of judgments for deaths caused by motor vehicles, by St. 1925, c. 346, intended to make the time within which such actions must be brought less definite than in the case of actions for death generally." This case was cited with approval in *Westcott* v. *Henshaw Motor Co.*, 275 Mass. 82.

Complainant had no right of action at common law against Brown's insurer. His right of action was created by the Massachusetts statute, Chapter 346. This court said, in *Farrell* v. *Employers Liability Assurance Corp., Ltd.*, 54 R. I. 18, when considering plaintiff's right as judgment creditor to recover under the Massachusetts statute the amount of his judgment from an insurance company: "The right which the plaintiff asserts is not a right at common law but is conferred by statute and must be pursued by the method prescribed by the statute." The right must also be pursued within the time limited by the statute which created the right.

The policy of insurance was issued subject to the provisions of Chapter 346. This statute sets a definite time within which an action could be brought against the insured. The parties did not intend that the insurer would be liable for any judgment that might be obtained against the insured in an action commenced against him more than one year after the cause of action accrued. The legislature never intended that Chapter 346 should receive such a construction. It is unreasonable to suppose it intended that the liability of the insurer would depend upon the statute of limitations of another state. If the legislature did not intend to limit the time within which an action must be commenced against the insured in order to hold the insurer liable to pay the judgment, it would have been unnecessary in Chapter 346 to have limited the time within which an action against the insured must be commenced.

We are of the opinion that complainant's right to compel respondent to pay his judgment against Brown depended

upon the commencement of his action against Brown within one year from the time of his injury.

Complainant argues that respondent waived its right to plead the statute of limitations by not pleading it in the action brought by complainant against Brown. This argument cannot be sustained. The action commenced in this State against Brown was a common law action and was duly commenced within the two years limited by our statute. Respondent was not a party defendant and therefore could not plead the Massachusetts statute of limitations. The action was governed by the *lex fori*. *Staples* v. *Waite, supra*.

Complainant makes the point that, in fact, his action was commenced against Brown within one year after the accident. He proved that on December 19, 1930, his attorney delivered to the sheriff for service a writ dated December 19, 1930, and returnable to the Superior Court January 21, 1931; that the sheriff returned the writ unserved; that the attorney changed the date of the writ to January 19, 1931, and its return day to February 18, and delivered it to the sheriff for service and that it was personally served on Brown on January 22. This is the writ which was duly entered in the Superior Court.

The issuing of a writ is the commencement of a suit at law if such issuing be with the absolute and honest intention of having it served. *Hail* v. *Spencer*, 1 R. I. 17; *Cross* v. *Barber*, 16 R. I. 266; *Bradford Estate Co.* v. *Brown*, 52 R. I. 103; 1 C. J. 1154. The law is the same in Massachusetts. *Myers* v. *Warren*, 275 Mass. 531; *O'Brien* v. *McManama*, 281 Mass. 89. But where, as in this case, there was a substantial alteration of the date of the writ and of the return day, before service, the action must be deemed to be commenced at the time of such alteration. *Larrabee* v. *Southard*, 95 Me. 385. There is no suggestion that respondent was in any way responsible for the delay in serving the writ dated December 19, 1930, and consequently it cannot

be held to be estopped from setting up the statute of limitations as a defense in this bill against it.

Complainant also contends that he brought his action against Brown within the meaning of § 4884, G. L. 1923, and Sec. 32, Chap. 260, G. L. Mass. 1932, which provide, in substance, that whenever an action shall be abated complainant may commence another action within one year after the abatement. This contention cannot be sustained. The writ was never served nor entered in court. Complainant's attorney purposely changed the date of the writ and its return day. It is not claimed that this change was made by accident or mistake. See *Rosenblatt* v. *Foley*, 252 Mass. 188; *O'Brien* v. *McManama, supra*.

For these reasons the appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to dismiss the bill.

*Ralph M. Greenlaw, Edwin J. Tetlow*, of Providence, for complainant.

*Clifford A. Kingsley, the late Robert Gallagher of the Massachusetts Bar, Francis V. Reynolds*, for respondent company.