366 A.2d 545.

FAY A. VON VILLAS *et al. vs.* RUTH M. WILLIAMS.

DECEMBER 8, 1976.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

Doris, J. This appeal is from the trial justice's granting of the defendant's motion to dismiss the plaintiffs' complaint on the ground that it was not commenced within the time as limited by law.

The plaintiffs, Fay A. and Peter A. Von Villas, filed a complaint in Superior Court on July 27, 1974. The complaint alleged that, on December 5, 1968, defendant Ruth M. Williams caused injury to Fay A. Von Villas by negligently driving her automobile and causing a collision with the automobile operated by Fay A. Von Villas. The complaint also alleged that plaintiff Peter A. Von Villas, the father of Fay A. Von Villas, was required to spend large sums of money for the medical care of his daughter Fay as a result of defendant's negligence. At the time of the automobile collision, Fay A. Von Villas was a minor of the age of 17, having been born on June 5, 1951.

On September 9, 1974, defendant's motion to dismiss plaintiffs' complaint was granted by a trial justice in Superior Court. The only papers put before the trial justice were the complaint and an admission by Fay A. Von Villas that she was born on June 5, 1951. The trial justice's decision, which was based on the allegations and dates on the face of the complaint together with plaintiff Fay A. Von Villas' admission, was that the complaint was not timely filed as to either plaintiff. This is the sole issue before this court on appeal.

At the time of the collision in 1968, the applicable statute of limitations for personal injuries was two years.[1] There

[1] At that time, G. L. 1956, §9-1-14 read as follows:

"Limitation of actions for words spoken or personal injuries.— Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after. Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."

is no doubt however, that, since Fay A. Von Villas was a minor at the time of the collision, the running of any statute of limitations applicable to her cause of action would have been postponed until she reached majority and the disability was thereby removed.[2] Thus, if there had been no changes in the law following the collision, the last day Fay A. Von Villas could have brought her action would have been on June 5, 1974, two years following her twenty-first birthday.

However, since the time of the collision, there have been changes which significantly affect the operation of the applicable statutes.[3] The plaintiffs argue that these changes

---

[2] General Laws 1956 (1969 Reenactment) §9-1-19 reads as follows:

"Disability postponing running of statute.—If any person at the time any such cause of action shall accrue to him shall be within the age of twenty-one (21) years, or of unsound mind, or imprisoned, or beyond the limits of the United States, such person may bring the same, within such time as hereinbefore limited, after such impediment is removed."

[3] General Laws 1956 (1969 Reenactment) §§15-12-1 and 15-12-2, as enacted by P. L. 1972, ch. 20, §1 changed the age of majority and changed the time within which a minor's disability continued. They read as follows:

"15-12-1. Persons of full age.—Notwithstanding any general or public law or provision of the common law to the contrary, all persons who shall have attained the age of eighteen (18) years, shall be deemed to be persons of full legal age. Said persons shall have all the duties and obligations, rights and privileges imposed or granted by law upon those persons heretofore having attained the age of twenty-one (21) years.

"15-12-2. Causes of action unaffected.—Any cause of action which shall have accrued to a person who shall not have attained the age of twenty-one (21) years, but who shall have attained the age of eighteen (18) years on or before [March 29, 1972] may be brought within such time as limited by law after such person shall have attained the age of twenty-one (21) years, or after [March 29, 1972], whichever shall be sooner."

General Laws 1956 (1969 Reenactment) §9-1-14 was amended by P. L. 1971, ch. 200, §1, to extend the personal injuries statute of limitations

extend the time that Fay A. Von Villas had to file her complaint and that therefore it was timely filed. They also argue that the father's complaint was timely filed since his claim was derivative in nature and dependent on his daughter's complaint. It is conceded that if his claim had to stand on its own it would be barred by the statute of limitations (G. L. 1956 (1969 Reenactment) §9-1-14, as amended), since there was no disability in his case which would have postponed the statute's running beyond two years after the collision. Any rights that the father might have had to institute suit after that time would depend entirely on his daughter's rights. Since we find that the daughter's suit was not timely brought, it is unnecessary to decide whether the father's suit could have been maintained as a derivative one.

In 1972, when the age of majority was lowered from 21 to 18 years (see note 3, *supra*), Fay A. Von Villas was between 18 and 21 years of age. Therefore, according to G. L. 1956 (1969 Reenactment) §15-12-2, as enacted by P. L. 1972, ch. 20, §1, she would have been permitted to bring suit within the applicable period of time either after March 29, 1972, (the effective date of §15-12-2) or her twenty-first birthday, whichever was sooner. (In this case March 29, 1972, would be the earlier date.)

The problem is that the applicable period of limitation was changed from two to three years in 1971, and in 1973 was further amended to apply retroactively to "those actions which had *accrued* less than two years prior to August 1, 1971." Section 9-1-14 as amended by P. L. 1971, ch. 200, §1, and as amended by P. L. 1973, ch. 162, §1. (Emphasis added.) If the two-year period applied, then the last day to file a complaint would have been March 29, 1974, and

---

from two to three years. It was further amended by P. L. 1973, ch. 162, §1, to apply retroactively to "those actions which had accrued less than two years prior to August 1, 1971."

Fay A. Von Villas' complaint filed on July 27, 1974, would fail as being untimely filed. However, if the three-year limitation applied, then March 29, 1975, would be the cut-off date and the complaint would be timely.

The plaintiffs argue that a combined reading of §9-1-14, as amended, and §15-12-2 leads to the inescapable conclusion that the legislative intent was to extend the statute of limitations in personal injury cases for minors regardless of when an action accrued. However, the retroactive application of §9-1-14 is very specifically limited to actions *accruing* less than two years prior to August 1, 1971, and this retroactive provision was not inserted until 1973, a full year after §15-12-2 was enacted. Section 15-12-2 was enacted to coordinate the change in age of majority with a necessary corresponding change excusing delay by a minor in bringing suit while under the disability of minority. Section 9-1-14, as amended, lengthened a particular statute of limitations and included a very specific retroactive provision encompassing actions accruing within two years prior to August 1, 1971. We see no legislative intent here and no indication in the statute that suggests the two sections are interwoven. We see no reason to make §9-1-14 applicable to actions accruing prior to August 1, 1969, but being brought at a later time because of a minor's disability to bring suit.

The collision occurred on December 5, 1968, which was more than two years prior to August 1, 1971. Therefore, it does not fall within the retroactive period allowed by §9-1-14, and the two-year statute of limitations therefore applies to this incident.

The plaintiffs also argue that the action did not accrue to Fay A. Von Villas until either March 29, 1972, (the effective date of §15-12-2) or June 5, 1972, (her twenty-first birthday) since she was, prior to those dates, a minor incapable of bringing suit. The general rule is that, for

purposes of the statute of limitations, a cause of action for personal injury in an automobile accident accrues at the time of the accident or injury, *i.e.* when an action exists upon which court action may be instituted. *See Walsh* v. *Morgan,* 60 R.I. 349, 198 A. 555 (1938); *Byron* v. *Great American Indem. Co.,* 54 R.I. 405, 173 A. 546 (1934); *Kenyon* v. *United Electric Rys.,* 51 R.I. 90, 151 A. 5 (1930); *cf. Romano* v. *Westinghouse Elec. Co.,* 114 R.I. 451, 336 A.2d 555 (1975); *Wilkinson* v. *Harrington,* 104 R.I. 224, 243 A.2d 745 (1968).

Exceptions to the general rule have been found in cases where a product may have had a latent, undiscoverable defect (*Romano* v. *Westinghouse Elec. Co., supra*), where medical malpractice resulted in injury which was not discovered or discoverable for an extended period of time (*Wilkinson* v. *Harrington, supra*), and in so-called "fraudulent concealment" cases, where a possible cause of action had been undiscovered due to fraud or concealment (§9-1-20; *see Reynolds* v. *Hennessy,* 17 R.I. 169, 20 A. 307 (1890)). The logic behind these decisions derives from a conscious balancing of policies. On the one hand, there is the policy of eliminating the unexpected enforcement of stale claims; on the other hand, a person should have some opportunity to have his day in court to vindicate those rights which have been violated but have remained undiscovered or undiscoverable.

> "It would, in our opinion, be manifestly unjust to bar the enforcement of injury claims brought by a plaintiff who was not, nor could not have known that he was, the victim of tortious conduct because the consequent harm was unknowable within two years of the negligent act.
> "* * *
>
> "To require a man to seek a remedy before he knows of his rights, is palpably unjust." *Wilkinson* v. *Harrington, supra* at 237-38, 243 A.2d at 752-53.

The plaintiffs' case presents none of the inequitable aspects of these so-called "discovery" cases. There is no indication in the record of any delay in discovering the accident or its consequences but merely neglect in the prosecution of legal rights. The plaintiffs however, liken the inability of a minor to bring suit to the inability to discover a cause of action. They note that by statute, the time is extended for an infant to commence suit by the applicable statutory period after the impediment (infancy) is removed. *See Bliven* v. *Wheeler,* 23 R.I. 379, 50 A. 644 (1901). They argue that this is, in practical effect, the same as giving Fay A. Von Villas the option to postpone accrual of her cause of action to the date she attains her majority.

. Although the practical effect may be the same in many cases, the legal effect is not the same. A guardian or next friend can bring suit on behalf of a minor, during infancy, as soon as the cause of action accrues to the minor. *See Bliven* v. *Wheeler, supra;* Super. R. Civ. P. 17. However, if the *accrual* of the cause of action could be postponed until the infant reached majority, then no suit could be brought by a guardian or next friend until that time. (And once an infant reaches majority, he of course becomes capable of bringing suit on his own behalf.)

The plaintiffs' attempt to equate the extending of the time to bring an action with an election to postpone the time of the accrual of the action is simply illogical. The election is not whether to postpone the date of accrual, but rather whether to postpone the institution of suit until the minor reaches majority. This postponement should not affect the legal rights of the parties in the case, only the time allowed within which to bring suit. The election to allow the rights to lie dormant until the minor reaches majority is either a conscious decision or inexcusable neglect of the minor, or his guardian or both. It is very much

different from our "discovery" cases where no conscious decision was possible because the facts were not ascertainable.

Here, the facts were never hidden from view. The collision occurred in 1968. Fay A. Von Villas reached her majority on June 5, 1972, although §15-12-2 would start the statute running against her on March 29, 1972. Suit was not instituted until July 27, 1974. This being more than two years after the statute of limitations began to run, it was too late according to §9-1-14 as it applied to actions accruing in 1968. This failure to bring suit until 1974 evidences either neglect or wilful intent to postpone the action and not an inability to discover that a cause of action existed. The trial justice therefore did not err in granting the defendant's motion to dismiss for failure to institute suit in the time as limited by law. We need not decide the plaintiffs' claim that the father's complaint was derivative in nature since the daughter's complaint was not timely, and the father's complaint was concededly too late if it had to stand alone.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is sustained and the case is remanded to the Superior Court.

Mr. Justice Paolino did not participate.

*Higgins & Slattery, John A. Baglini,* for plaintiffs.

*Francis V. Reynolds, Anthony F. De Marco,* of counsel, for defendant.