Betsy SWISS

v.

**ELI LILLY & CO., et al.**

**Civ. A. No. 80–0132.**

United States District Court,
D. Rhode Island.

Aug. 3, 1982.

---

622

Max Wistow, Providence, R.I., for plaintiff.

Richard Borod, Providence, R.I., for Lilly.

William Curran, Providence, R.I., for Squibb.

James J. McKenna, Providence, R.I., for Schering.

Thomas D. Gidley, Providence, R.I., for Merck.

Bruce G. Tucker, Providence, R.I., for Upjohn.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

This is an action for compensatory and punitive damages against several drug manufacturers based on theories of negligence, breach of warranty, and strict product liability. Subject matter jurisdiction rests on diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that her mother, while pregnant with plaintiff, ingested a drug known as diethylstibestrol ["DES"], which one of the defendants allegedly manufactured. In 1977 plaintiff discovered that she has a form of cancer. Memorandum in Support of Plaintiff's Objection to Motion for Summary Judgment at 3 (June 4, 1982). Plaintiff claims that her cancer was caused by her mother's use of DES.

Plaintiff filed a complaint in this Court against all but one of the present defendants in March 1978. Discovery later revealed that the drug used by plaintiff's mother may have been manufactured by McNeil Laboratories ["McNeil"], which was not named as a defendant in the original complaint. In March of 1981, this Court granted plaintiff's motion to amend her complaint to add McNeil as a defendant.

McNeil now moves for summary judgment. McNeil contends that the amendment to plaintiff's complaint adding McNeil as a party does not relate back under Fed. R.Civ.P. 15(c)[1] to the date on which the original complaint was filed for purposes of the applicable statute of limitations. Thus, McNeil argues that plaintiff's claims against it are time-barred under R.I.Gen. Laws § 9–1–14[2] because it was not named as a defendant until more than three years after plaintiff discovered her cancerous condition. For the reasons that follow, this Court finds that McNeil is entitled to summary judgment.

### I. *Accrual of Cause of Action*

R.I.Gen.Laws § 91–1–14 requires that personal injury suits be brought within three years after the cause of action "accrues." Plaintiff does not dispute that § 9–1–14 applies to her claims against McNeil. Rather, plaintiff suggests that § 9–1–14 had not run as to these claims when she added McNeil as a party in 1981. She contends that, for purposes of § 9–1–14, her causes of action against McNeil did not "accrue" until she discovered from her mother's prescription records that McNeil might be the manufacturer of the DES that allegedly caused plaintiff's cancer. Alleging that she made this discovery in November of 1980, less than three years prior to adding McNeil as a defendant, plaintiff argues that her claims are timely—whether or not her amended complaint "relates back" under Fed.R.Civ.P. 15(c).

This Court cannot accept plaintiff's argument as to when a cause of action accrues under § 9–1–14. Plaintiff has cited no authority, either from the Rhode Island courts or from other courts, to support the proposition that a cause of action for personal injury does not accrue until a plaintiff *identifies* the party responsible for the injury. Furthermore, this Court's own research into Rhode Island case law has disclosed no such authority.[3]

---

1. Fed.R.Civ.P. 15(c) provides in relevant part: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

2. R.I.Gen.Laws § 9–1–14 provides in relevant part that "[a]ctions for injuries to the person shall be commenced and sued within three ... years next after the cause of action shall accrue, and not after."

3. In *Lavelle v. Listi*, 611 F.2d 1129 (5th Cir. 1980), the Fifth Circuit stated that, for purposes of an action under 42 U.S.C. § 1983, "[u]ntil the plaintiff is in possession of the 'critical facts that he has been hurt and who

■ The general rule in Rhode Island is that a cause of action accrues, and the statute of limitations begins running, at the time injury occurs. *See Von Villas v. Williams,* 117 R.I. 309, 366 A.2d 545, 548 (R.I. 1976) (personal injury in auto accident); *Romano v. Westinghouse Electric Co.,* 114 R.I. 451, 336 A.2d 555, 560–61 (R.I.1975) (product liability action for property damage). *Cf. Fuscellaro v. Industrial Nat'l Corp.,* 117 R.I. 558, 368 A.2d 1227, 1231 (R.I.1977) (cause of action in conversion accrues at time wrongful dominion exercised, "regardless of the plaintiff's ignorance" of such dominion). In general, "neither the ignorance of a person of his right to bring an action nor the mere silence of a person liable to the action prevents the running of the statute of limitations." *Kenyon v. United Electric Railways Co.,* 51 R.I. 90, 94, 151 A. 5 (R.I.1930) (dicta). Of course, limited exceptions to these general principles exist. Where a defendant conceals from a plaintiff by actual misrepresentation the existence of a cause of action, "said cause of action [is] ... deemed to accrue ... at the time [the plaintiff] ... first discover[s] its existence." R.I.Gen.Laws § 9–1–20. In addition, an action for medical malpractice does not accrue until the patient discovers the existence of his injury. *Wilkinson v. Harrington,* 104 R.I. 224, 243 A.2d 745, 752 (R.I.1968). Such discovery of injury rules rest on the policy that "a person should have some opportunity to have his day in court to vindicate those rights which have been violated but have remained undiscovered or undiscoverable." *Von Villas v. Williams,* 366 A.2d at 549. However, no Rhode Island case holds that a cause of action does not accrue until the plaintiff *both* discovers his injury *and* identifies the party responsible for the injury.

■ In this diversity action, this Court must apply the law that it thinks the Rhode Island Supreme Court would adopt. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This Court does not believe that the Rhode Island Supreme Court would adopt plaintiff's definition of accrual. Under this definition, a claimant could have an unlimited amount of time in which to sue: a claim would remain alive until a plaintiff became convinced that a particular party was responsible for his injuries. Such a result would be inconsistent with "the policy of eliminating the unexpected enforcement of stale claims" that lies at the core of statutes of limitations. *Von Villas v. Williams,* 366 A.2d at 549.

Furthermore, the Rhode Island Supreme Court's opinion in *Fuscellaro v. Industrial Nat'l Corp.,* 117 R.I. 558, 368 A.2d 1227 (R.I.1977), indicates that the Supreme Court would not adopt plaintiff's argument as to accrual. Because of the need for finality in commercial paper transactions, the Supreme Court in *Fuscellaro* refused to define the date of accrual of a cause of action for conversion of a check as the date on which the plaintiff discovers the conversion. Rather, the court adhered to "the general rule that in the absence of fraud by those invoking the statute of limitations, a cause of action for conversion accrues at the time the defendant wrongfully exercises dominion, regardless of the plaintiff's ignorance." *Id.* 368 A.2d at 1231. Because the Rhode Island Supreme Court has thus refused to adopt *discovery of injury* uniformly as the time of accrual of a cause of action, it seems highly unlikely that it would embrace plaintiff's *discovery of the responsible party* rule as a general definition of accrual.

Finally, it appears that Rhode Island has already provided a specific statutory procedure to help claimants avoid the bar of the statute of limitations when they do not know the identity of those who have injured them. R.I.Gen.Laws § 9–5–20 provides:

> Whenever the name of any defendant or respondent is not known to the plaintiff, the summons and other process may issue against him by a fictitious name, or by

has inflicted the injury,' ... the statute of limitations does not commence to run." *Id.* at 1131 (quoting *United States v. Kubrick,* 444 U.S. 111, 121 n. 8, 100 S.Ct. 352, 359 n. 8, 62 L.Ed.2d 259 (1979)). This Court notes that the second half of this formulation in *Lavelle* is dicta and that, in any event, the Rhode Island Supreme Court would likely not adopt this test.

such description as the plaintiff or complainant may select; and if duly served, it shall not be abated for that cause, but may be amended with or without terms as the court may order.

In *Sousa v. Casey,* 111 R.I. 623, 306 A.2d 186 (R.I.1973), the Rhode Island Supreme Court held that the filing of a complaint under § 9–5–20 against unknown "Joe Doe" defendants tolls the running of the applicable statute of limitations. *Id.* 306 A.2d at 192. "Service [upon the actual defendants] must be made within a reasonable time after a complaint [under § 9–5–20] has been filed, absent a showing by the plaintiff that such delay was excusable." *Id.* Plaintiff, however, did not invoke § 9–5–20 in this case. Her original complaint names no "John Doe" defendants.

The existence of the tolling provision in § 9–5–20 further indicates that the Rhode Island Supreme Court would not embrace plaintiff's broad accrual rule. To adopt that rule would essentially render § 9–5–20 superfluous. The Rhode Island legislature has provided a specific procedure in this statute to sue unknown defendants. Plaintiff may not now circumvent this procedure by proposing a novel formula for determining the date of accrual of her causes of action.[4]

■ Thus, this Court holds that plaintiff's claims against McNeil accrued *no later* than 1977, when she discovered her cancerous condition. These claims are therefore time-barred unless her amended complaint adding McNeil as a defendant relates back to the filing of her original complaint.

## II. *Relation—Back*

■ According to the First Circuit, Federal Rule of Civil Procedure 15(c) permits an amendment adding a party to relate back to the date of the original pleading if three conditions are met: (1) the claims against the new party arise out of the same occurrence as the claims in the original pleading, (2) the new party received "notice of the institution of the action" before the limitations period expired, and (3) the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102 (1st Cir.1979).

In this case, the second requirement of Fed. R.Civ.P. 15(c)[5] as to notice of commencement of the action has not been met.

This Court recently held in *Butler v. Allen-Bradley Co.,* C.A. Nos. 78–0037, 78–0038, 79–0023, unpublished opinion at 5 (D.R.I. Feb. 16, 1982), that "it is well settled that Rule 15(c) . . . requires that the party added by amendment must have received *actual notice* of the institution of plaintiff's lawsuit prior to the running of the statute of limitations." (Emphasis added.) *Accord Craig v. United States,* 413 F.2d 854, 857–58 (9th Cir.), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1967); *Gianillo v. G.D. Searle & Co.,* C.A. No. 77–444, unpublished opinion at 9, 9 n. 5 (D.R.I. Mar. 2, 1981); *Dalessio v. B.T. Equipment Co.,* 114 R.I. 524, 336 A.2d 563, 566 (R.I.1975) (construing Rhode Island counterpart to Fed.R.Civ.P. 15(c)); 3 J. Moore, Moore's Federal Practice ¶ 15.15[4.–2] at 15–226 to 15–228 (2d ed. 1982).[6] However, Defendant McNeil has

**4.** This Court expresses no opinion as to whether plaintiff could have brought McNeil into this suit under § 9–5–20 had she timely named "John Doe" defendants in her original complaint. The Court does not decide either whether § 9–5–20 applies to the type of "enterprise liability" suit that plaintiff has brought, or whether her service upon McNeil occurred within a "reasonable" time after the filing of her original complaint, as required by *Sousa v. Casey,* 111 R.I. 623, 306 A.2d 186 (R.I.1973).

**5.** *See* note 1 *supra.*

In *Butler v. Allen Bradley,* C.A. Nos. 78–0037, 78–0038, 79–0023, unpublished opinion at 3–4 (D.R.I. Feb. 2, 1982), this Court held that Fed.R. Civ.P. 15(c), *not* Rhode Island's counterpart, applies in diversity actions arising under Rhode Island law. *Accord Truss v. Kent Cty. Mem. Hosp.,* C.A. No. 78–0419, unpublished opinion at 2–3 (D.R.I. Mar. 29, 1982).

**6.** *See Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99 (1st Cir.1979). In *Hernandez Jimenez,* the First Circuit stated that:

submitted an affidavit in which its director of regulatory compliance avers, on the basis of his personal knowledge, that "prior to the receipt of the summons and complaint on March 2, 1981, McNeil ... had no knowledge, whatsoever, with respect to ... *Swiss v. Eli Lilly, et al.,* and had no notice of said action." Affidavit of Herman J. Lutz (April 12, 1982). Plaintiff concedes that she "is unable to dispute by affidavit or otherwise that McNeil had no knowledge whatsoever regarding this case." Memorandum in Support of Plaintiff's Objection to Motion for Summary Judgment at 10 (June 4, 1982).

Defendant McNeil is thus entitled to summary judgment. In light of McNeil's uncontroverted affidavit, there is simply no genuine issue of fact as to whether McNeil received notice of the institution of this lawsuit prior to the running of the three-year limitations period, which occurred sometime in 1980. Plaintiff has had over one year in which to adduce some evidence indicating that McNeil had notice of the commencement of this action within the three-year period. Furthermore, this Court has already granted one ninety-day continuance under Fed.R.Civ.P. 56(f)[7] to permit plaintiff to obtain such evidence in order to oppose McNeil's motion for summary judgment—which McNeil originally filed almost one year ago. Thus, plaintiff may not now forestall summary judgment by arguing that she "has no means to successfully meet the facts alleged in [McNeil's] ... affidavit." Memorandum in Support of Plaintiff's Objection to Motion for Summary

Judgment at 10 (June 4, 1982). She may not rely on the hope of adducing the necessary facts at trial. *First Nat'l Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968); *Robinson v. Providence College,* C.A. No. 78–0327, unpublished opinion at 10 (D.R.I. Nov. 10, 1981); 6 J. Moore, W. Taggart, & J. Wicker, Moore's Federal Practice ¶ 56–15[3], at 56–481 (2d ed. 1982). Because plaintiff cannot controvert McNeil's affidavit, despite a more than ample opportunity to do so, the Court finds that there is not the "slightest doubt" as to the facts material to this motion. *United States v. Del Monte de Puerto Rico, Inc.,* 586 F.2d 870, 872 (1st Cir.1978); *Peckham v. Ron Rico Corp.,* 171 F.2d 653, 657 (1st Cir.1948). McNeil is thus entitled to summary judgment because all claims against it are time-barred.[8]

Defendant McNeil's motion for summary judgment is hereby granted.

So Ordered.

[t]he identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties *learned of the institution of the action shortly after it was commenced.*

*Id.* at 102–03 (emphasis added).

7. Fed.R.Civ.P. 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court

may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

8. The Court is somewhat puzzled as to why the statute of limitations problem ever arose in this suit. The Court cannot understand why plaintiff failed to name McNeil along with the other DES manufacturers in her original complaint, given the fact that she was "incapable of identifying the particular manufacturer of the DES that was ingested by [her] ... mother." Complaint at 3.