**Ellen WATERS and Karen Woodbine**

v.

**WALT DISNEY WORLD COMPANY, Walt Disney Travel Company, Walt Disney International, Disney Vacation Development, Inc., and the Disney Stores, Inc., Alias**

**No. 01–CV–531ML.**

United States District Court, D. Rhode Island.

Feb. 12, 2002.

---

Donald A. Woodbine, Corliss Landing, Providence, RI, for plaintiffs.

Kelley A. Jordan–Price, Chares D. Blackman, Hinckley, Allen & Snyder, Providence, RI, Michael J. Connolly, Hinckley, Allen & Snyder, LLP, Boston, MA, for defendants.

### *MEMORANDUM AND ORDER*

LISI, District Judge.

This case is before the Court on Defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56 and for consideration of sanctions against Plaintiffs' counsel pursuant to Fed.R.Civ.P. 11. In addition, Plaintiffs have filed a motion for reconsideration of this Court's ruling denying their motion for an order dismissing their complaint without prejudice. For the reasons set forth below, Defendants' motion for summary judgment is

granted, and Plaintiffs' motion for reconsideration is denied. A complete discussion concerning the appropriateness of sanctions is contained below.

### I. Facts and Travel of the Case

Plaintiffs Ellen Waters and Karen Woodbine ("Plaintiffs") allege that, in 1961, Mark Waters ("Waters"), their husband and father, respectively, assisted Robert Jaffray ("Jaffray") "in planning, developing, designing, and drawing a concept entitled 'Miniature Worlds,'" which consisted of "a theme park, with a number of small-scale nations placed around a lake." The Plaintiffs further allege that, in late 1962, Jaffray met with the representatives of the Disney Defendants ("Defendants") in New York and requested that they "sponsor and/or cooperate" with Waters and Jaffray in building and operating their Miniature Worlds concept. The Plaintiffs claim that Defendants thereafter informed Jaffray that they were not interested in building Miniature Worlds, but then proceeded to "build and operate Epcot's World Showcase" ("Epcot") in Florida, which is purportedly "for all practical purposes, almost identical to the 'Miniature Worlds' concept planned, developed, designed and drawn by" Jaffray and Waters. The Plaintiffs have asserted claims against Defendants for misappropriation, conversion, copyright infringement, fraud, and quantum meruit.[1]

Plaintiffs originally filed their complaint in Providence County Superior Court. Defendants removed this diversity action to federal court and then moved to dismiss Plaintiffs' complaint pursuant to Fed. R.Civ.P. 12(b)(2) and 12(b)(6) or, in the alternative, to transfer venue to the United States District Court for the Middle District of Florida.[2] Attached to that motion were certain supporting affidavits. Plaintiffs moved for an order dismissing their complaint without prejudice. On November 27, 2001, three days prior to a scheduled hearing on the parties' motions, Plaintiffs' counsel filed a motion for sanctions and attorney's fees, pursuant to Fed. R.Civ.P. 11 ("Rule 11"), for Defendants' alleged failure to honor a purported dismissal agreement. At the hearing held on November 30, 2001, Plaintiffs made no substantive arguments in opposition to Defendants' motion to dismiss; rather, Plaintiffs' counsel urged this Court to dismiss their complaint without prejudice based on the alleged dismissal agreement between the parties. This Court denied Plaintiffs' motions, notified Plaintiffs' counsel, Donald A. Woodbine, that the Court was considering sanctioning him for his failure to com-

---

1. Plaintiffs have not asserted derivative causes of action against Defendants in this case. Paragraph 14 of the Plaintiffs' complaint states, in relevant part:

   Ellen Waters, being the wife of Mark Waters at all times within which he participated in the planning ... of the 'Miniature Worlds' concept is entitled to any rights, benefits and/or claims Mark Waters may have against the defendants for compensation for his work in the creation of the defendants Epcot theme park since said rights ... were marital assets during the marriage between the plaintiff Ellen Waters and Mark Waters under applicable law.

   Paragraph 15 of the Plaintiffs' complaint states:

   Karen Woodbine, being the sole child of the plaintiff, Ellen Waters, and being the child of Mark Waters, is also entitled to said rights, claims, and/or benefits, as a lawful heir of Mark Waters, now deceased.

   While it is unclear to this Court whether Plaintiffs are entitled to press their claims individually, as opposed to bringing derivative claims, the Defendants have not challenged Plaintiffs' standing to do so. Therefore, the Court declines to address that issue.

2. According to Defendants' Notice of Removal, Walt Disney World Company and Disney Vacation Development, Inc. are citizens of the State of Florida, and Walt Disney International and The Disney Store, Inc. are citizens of the State of California.

ply with Rule 11(c)(1)(A), and advised the parties that Defendants' motion to dismiss would be treated as a motion for summary judgment. On December 13, 2001, this Court issued an Order notifying Plaintiffs that, pursuant to Fed.R.Civ.P. 12(b), Defendants' motion to dismiss was being treated by the Court as one for summary judgment under Fed.R.Civ.P. 56. Pursuant to that Order, Plaintiffs were given ten days from the date of the Order to file any Rule 56 materials in opposition to Defendants' motion. Plaintiffs did not file any materials in opposition to Defendants' motion for summary judgment, choosing instead to file a motion for reconsideration of the Court's denial of their motion for an order to dismiss their complaint without prejudice.

## II. Summary Judgment

### A. Standard of Review

Summary judgment shall be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court "must view all facts and draw all inferences in the light most favorable to the nonmoving party." *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 6 (1st Cir.1997).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995) (citing *Celotex Corp. v. Ca-trett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the movant has made the requisite showing, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "Summary judgment is not appropriate merely because the facts offered by the moving party seem most plausible, or because the opponent is unlikely to prevail at trial." *Gannon v. Narragansett Elec. Co.*, 777 F.Supp. 167, 169 (D.R.I.1991) (citation omitted).

Where the facts are sufficiently clear to permit a determination, "[i]ssues of timely filing may be decided under Rule 56." *Jensen v. Frank*, 912 F.2d 517, 520 (1st Cir.1990); *see also Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 352 (1st Cir. 1992) ("In a proper case, Rule 56 may be used to determine the applicability of a statutory time bar to a particular set of facts."). Nevertheless, summary judgment is not appropriate where the record acknowledges the existence of a genuine issue of material fact with respect to the question of timeliness. *See Doyle v. Shubs*, 905 F.2d 1 (1st Cir.1990) (employing this standard).

### B. Choice of Law

It is axiomatic that this Court applies state substantive law when sitting pursuant to federal diversity jurisdiction. *See* 28 U.S.C. § 1332; *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 4 (1st Cir.1994). State statutes of limitations have been uniformly held to be substantive in nature, rather than procedural. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) ("[A] statute that would completely bar recovery in a suit if brought in a State

court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law."). The court employs the choice-of-law principles of the forum state when the parties involved in the dispute express no preference to be governed by a particular state's laws. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 491, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Crellin*, 18 F.3d at 4; *Roy v. Star Chopper Co.*, 584 F.2d 1124, 1128 (1st Cir.1978); *see also* R.I. Gen. Laws § 6A–1–105(1). Therefore, this Court applies Rhode Island choice-of-law principles to determine if Florida, California, or Rhode Island substantive law will control.

▉▉▉ Rhode Island uses an interest-weighing approach to reconcile conflicts of law. *See Gordon v. Clifford Metal Sales Co.*, 602 A.2d 535, 538–39 (R.I.1992); *Pardey v. Blvd. Billiard Club*, 518 A.2d 1349, 1351 (R.I.1986); *Woodward v. Stewart*, 104 R.I. 290, 243 A.2d 917, 923 (1968); *see also A.C. Beals Co. v. R.I. Hospital*, 110 R.I. 275, 292 A.2d 865, 870–71 (1972). In this case, application of Florida or California law to Plaintiffs' state-law based claims would not result in a different outcome than if this Court were to apply Rhode Island law.[3] *Compare* Fla. Stat. Ann. §§ 95.11, 95.031, *Houston v. Florida–Georgia Television Co.*, 192 So.2d 540, 543 (Fla.

Dist.Ct.App.1966), *Collins v. Los Angeles County*, 241 Cal.App.2d 451, 50 Cal.Rptr. 586, 588 (1966), *and* Cal. Civ.Code §§ 19, 3426.6, Cal.Civ.Proc.Code §§ 338, 339, *with Swiss v. Eli Lilly & Co.*, 559 F.Supp. 621, 624 (D.R.I.1982), *and* R.I. Gen. Laws §§ 6–41–6, 9–1–13(a). Moreover, Plaintiffs have not opposed Defendants' contention that Rhode Island law should govern this action. Consequently, the Court will apply Rhode Island law.

## C. *Discussion*

▉▉▉ Plaintiffs' complaint asserts the following five causes of action against Defendants: 1) misappropriation; 2) conversion; 3) copyright infringement; 4) fraud; and 5) quantum meruit. In Rhode Island "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." R.I. Gen. Laws § 6–41–6. The limitations period applicable to claims for copyright infringement is three years. 17 U.S.C. § 507(b). Claims for fraud, conversion, and quantum meruit must all be brought within ten years. R.I. Gen. Laws § 9–1–13(a); *Bourdon's Inc. v. Ecin Indus.*, 704 A.2d 747, 753 (R.I.1997) (stating that statute of limitations for fraud claims is the general ten-year period applicable to civil actions).

Under Rhode Island law, the general rule is that a cause of action will accrue,

---

**3.** This is true with respect to the accrual date for Plaintiffs' claims and with respect to the duration of the relevant statutes of limitations. It is well settled law in all three states that, absent fraud or fraudulent concealment on the part of the defendant, "mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations, but the statutes will run from the time the cause of action first accrues notwithstanding such ignorance." *Houston v. Florida–Georgia Television Co.*, 192 So.2d 540, 543 (Fla.Dist.Ct.App.1966). *Compare*

*with Swiss v. Eli Lilly & Co.*, 559 F.Supp. 621, 624 (D.R.I.1982) (same), *and Collins v. Los Angeles County*, 241 Cal.App.2d 451, 50 Cal. Rptr. 586, 588 (1966) (same). Moreover, while fraud or fraudulent concealment may toll the statute of limitations until a party has actual or constructive knowledge of the facts giving rise to her claim, the Plaintiffs have offered nothing to refute Defendants' position that, at the very latest, they should be charged with the knowledge of Epcot's existence as of 1982, the date it opened to the public.

and the statute of limitations will begin to run, at the time the injury occurs. *Swiss,* 559 F.Supp. at 624; *see also id.* (citing *Fuscellaro v. Industrial Nat'l Corp.,* 117 R.I. 558, 368 A.2d 1227, 1231 (1977) (stating that cause of action for conversion "accrues at time wrongful dominion [is] exercised, 'regardless of the plaintiff's ignorance' of such dominion")). Ordinarily, "neither the ignorance of a person of his right to bring an action nor the mere silence of a person liable to the action prevents the running of the statute of limitations." *Id.* (quoting *Kenyon v. United Elec. Railways Co.,* 51 R.I. 90, 151 A. 5, 8 (1930)). The exception to the general rule occurs "[w]here a defendant conceals from a plaintiff by actual misrepresentation the existence of a cause of action," *id.,* in which case "said cause of action is deemed to accrue at the time the plaintiff first discovers its existence." *Id.* (quoting R.I. Gen. Laws § 9–1–20). Claims for misappropriation accrue from the date of discovery or from the date that, by the exercise of reasonable diligence, the claim should have been discovered. R.I. Gen. Laws § 6–41–6.

In the instant case, the Plaintiffs' claims for conversion, copyright infringement, fraud, and quantum meruit accrued at the time that Epcot was designed. According to the complaint, the park was designed between 1963 and 1974, the final plan was approved in 1979, and the park opened to the public in 1982. The Plaintiffs' causes of action for conversion, copyright infringement, fraud, and quantum meruit, therefore, accrued in 1963—thirty-eight years ago. Thus, under the statute of limitations applicable to the copyright claim, the Plaintiffs were required to file suit no later than 1966. With respect to their claims for conversion, fraud, and quantum meruit, the Plaintiffs were required to file suit no later than 1973.[4] With the exception of Plaintiffs' counsel's protestations that Plaintiffs only recently became aware of their rights in this matter, Plaintiffs have offered no evidence which explains their failure to discover the existence of the alleged misappropriation when Epcot was opened to the general public in 1982. Therefore, at the very latest, Plaintiffs were required to file suit for misappropriation no later than 1985. Plaintiffs have failed to offer any evidence suggesting that Defendants concealed from them or Waters, by actual misrepresentation, the existence of any of their causes of action.[5] As such, Plaintiffs' claims are time barred. Accordingly, Defendants' motion for summary judgment is granted.

### III. Motion for Reconsideration

Plaintiffs' motion for reconsideration simply restates arguments made to this Court on November 30, 2001, and, as such, is denied.

### IV. Rule 11 Sanctions

Rule 11 provides, in relevant part: A motion for sanctions under this rule *. . . shall not be filed with or presented to the court unless, within 21 days after service of the motion (or other such period as the court may prescribe), the challenged paper, claim, defense, con-*

---

4. Even assuming that Rhode Island recognized ignorance of a claim as a basis for tolling the statute of limitations, and Plaintiffs were not charged with the knowledge of Epcot's existence until 1982, the year it opened to the public, Plaintiffs still would have been required to file their claims for fraud, conversion, and quantum meruit no later than 1992.

5. Since the Plaintiffs claims appear to be derivative in nature, the Plaintiffs would have to show that Defendants concealed from Waters the fact that he had one or more causes of action against them arising from the development of Epcot.

*tention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the [Rule 11] motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.*

Fed.R.Civ.P. 11(c)(1)(A) (emphasis added). Plaintiffs' .counsel ignored the notice requirement contained in the rule, choosing instead to mail his Rule 11 motion to opposing counsel on November 26, 2001, and file that motion with this Court the following day, three days prior to a scheduled hearing on Defendants' motion to dismiss. When asked at the November 30th hearing why he had not complied with the notice requirement of Rule 11, Mr. Woodbine stated that he "did not have time to do that because [he] had been served with the motion to dismiss which should not have been filed." This response completely ignores the significance of the safe-harbor provision of Rule 11.

The Federal Rules of Civil Procedure outline the steps parties may take during the various stages of the litigation process, and the deadlines for doing so. Mr. Woodbine's ignorance of those rules and his casual approach to filing a motion for sanctions before this Court is not without consequence. His filing has needlessly wasted this Court's time, and forced Defendants to respond to a motion with no basis in either law or fact. The Court is afforded wide latitude in fashioning an appropriate sanction for a Rule 11 violation. *See Silva v. Witschen,* 19 F.3d 725, 730 (1st Cir.1994). In this case, a public reprimand, accomplished by the publication of this decision, adequately addresses counsel's actions.

### V. Conclusion

For the reasons stated above, Defendants' motion for summary judgment is granted, and Plaintiffs' motion for reconsideration is denied.

SO ORDERED.