MARTIN KRAMRATH, Respondent, *v.* THE CITY OF ALBANY, Appellant.

While *it seems* the governing body of a city cannot delegate to others the power to perform acts which relate to the government of the city, it may, in the absence of any restriction in its charter, delegate to a committee or agent the power to perform merely business acts, such as making purchases or doing work.

A municipal corporation may be bound upon an implied contract, within the scope of the corporate powers, made by its agents and to be deduced from corporate acts, without the vote of the governing body, unless the contract be one which the charter or law governing the corporation requires should be made in a particular manner.

A corporation is liable upon a *quantum meruit* when it has enjoyed the benefit of work performed or goods purchased, where no statute forbids or limits its power to make a contract therefor.

In an action to recover for goods sold and delivered to defendant, a municipal corporation, it appeared that the city hall having been destroyed by fire, its common council passed a resolution, which was duly approved by the mayor, authorizing one of its committees "to set apart and fit up rooms for the use of the city officers" left without office rooms by reason of the fire. The trial court found in substance that said committee, in fitting up said rooms, in pursuance of said resolution, ordered the goods in question, and that the common council duly ratified and confirmed the acts pursuant to which plaintiff's claim was contracted. It did not appear that defendant's charter limits the power of the common council to make such purchases, or provides that contracts therefor shall be made in a particular manner. *Held,* that plaintiff was entitled to recover; that the power to make the purchases could be delegated by defendant's common council to a committee.

*It seems* that in such case where it appears that work and material have been actually ordered by the common council and the city has had the

full benefit thereof, without objection from any of its officers, very slight evidence is sufficient to support a finding that any irregularities in the committee's action have been waived and their general acts ratified.
Reported below, 53 Hun, 206.

(Argued June 22, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 6, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the County Court of Albany county on trial without a jury.

This was an action for goods sold and delivered.

On February 10, 1886, the city hall in Albany was destroyed by fire. On February twelfth the common council of the city passed the following resolution, which was duly approved by the mayor:

"*Resolved*, That the name of the city building be and the same hereby is changed to city hall and city building; that the committee on public buildings and parks be and is hereby authorized and directed to set apart and fit up rooms for the use of city officers who have been left without any office room by reason of the destruction of the city hall by fire, and that said committee also fit up a common council chamber in said building for meetings of the board of aldermen."

The committee on public buildings and parks consisted of five members, two of whom were John Zimmerman and John T. Gorman.

The city officers who had been left without any office room by reason of the destruction of the city hall by fire were the mayor, chamberlain, receiver of taxes, city surveyor and board of health.

In the necessary fitting up of rooms in the city building for said city officers, the plaintiff sold and delivered to and fur-nished and performed work and labor for the defendant to the amount and of the value of $242.98.

The trial court found as facts that the committee on public buildings and parks set apart and ordered to be fitted up in

the city building the rooms for the use of the city officers in which the work was performed by the plaintiff, and the materials furnished by him were used.

That the sale, delivery, furnishing and performance of the work were all and each made and done by direction of said committee and pursuant to the resolution above set forth, and that the common council had duly ratified and confirmed the acts pursuant to which the plaintiff's claim was contracted.

Judgment having been entered for the plaintiff and affirmed at the General Term, leave was granted to appeal to this court.

*D. Cady Herrick* for appellant. The common council could not delegate its power of making the contracts in question to any committee. (*Birdsall* v. *Clark*, 73 N. Y. 73; Dillon on Mun. Corp. § 60.) The committee never authorized the doing of the work or furnishing the merchandise for which this action is brought. (Dillon on Mun. Corp. [3d ed.] § 283; *City of Troy* v. *Winters*, 2 Hun, 63, 66.) The fact that the city has had plaintiff's goods does not render the city liable. The basis of the liability of the city is authority to make the contract, and a contract made pursuant to that authority. The unauthorized act of a committee, an alderman or a city officer will not render it liable. (Laws of 1876, chap. 173, § 2; *Schier* v. *City of Buffalo*, 35 Hun, 568; *Smith* v. *City of Newburgh*, 77 N. Y. 130; *Donovan* v. *Mayor, etc.*, 33 id. 291; *Lyddy* v. *Long Island City*, 104 id. 218; *Parr* v. *Vil. of Greenbush*, 72 id. 472; *Dickinson* v. *City of Poughkeepsie*, 75 id. 65.)

*Edward J. Meegan* for respondent. If there be no statutory restriction or prohibition, the use and possession of property by a city is sufficient to raise a promise to pay for it and an action lies to recover, although the officer assuming to make the contract had no authority in the premises. (*McCloskey* v. *City of Albany*, 7 Hun, 472; *Nelson* v. *Mayor, etc.*, 63 N. Y. 535; *H. G. L. Co.* v. *Mayor, etc.*, 33 id. 306; *H. G. L. Co.* v. *Mayor, etc.*, 3 Robt. 124; *Mills* v. *Gleason*, 11 Wis.

470; *Conyers* v. *Kirk*, 78 Ga. 480; *McDonald* v. *Mayor, etc.*, 68 N. Y. 23; *Smith* v. *City of Newburgh*, 77 id. 130.) The resolution of February 12, 1880, directing the committee on public buildings and parks to set apart and fit up rooms in the city building for the use of the city officers who had been left without office room by reason of the destruction by fire of the city hall, was not an unlawful delegation of the powers of the common council. (*Edwards* v. *City of Watertown*, 24 Hun, 426; *People* v. *Supervisors*, 52 id. 446; 1 Dillon on Mun. Corp. [4th ed.] § 96; *Conyers* v. *Kirk*, 78 Ga. 480; Bishop on Stat. Cr. § 82; *Winslow* v. *Kimball*, 25 Me. 493.) Section 2 of chapter 173 of the Laws of 1876, amending section 15 of title 3 of chapter 77 of the Laws of 1870, having been repealed in express terms by section 2 of title 22 of chapter 298 of the Laws of 1883 (S. L. 1883, p. 416) long before this action was begun, all impediment to the plaintiff's claim has thereby been removed. (*Central Bank* v. *E. S. Co.*, 26 Barb. 23; *Syracuse Bank* v. *Davis*, 16 id. 188; *Washburn* v. *Franklin*, 73 Abb. 140; 35 Barb. 597; 24 How. Pr. 515; *Curtis* v. *Leavitt*, 15 N. Y. 9; Cooley on Const. Lim. [6th ed.] 45; 1 Dillon on Mun. Corp. [4th ed.] § 75; *Washburn* v. *Franklin*, 13 Abb. Pr. 140; *C. Bank* v. *E. S. D. Co.*, 26 Barb. 23; *Ewell* v. *Daggs*, 108 U. S. 143; *People* v. *Livingstone*, 6 Wend. 526; *Gibson* v. *Hibbard*, 13 Mich. 214; *Hoppock* v. *Stone*, 49 N. Y. 524.) There was evidence to support the finding of the trial court that the goods and labor of the plaintiff were furnished and performed by order of the committee on public buildings and parks. If there is any it is conclusive in this court. (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Hill* v. *P. Bank*, 46 Hun, 180; *Downing* v. *Rugar*, 21 Wend. 178; *Wohlfahrt* v. *Becket*, 12 Abb. [N. C.] 478.) Whatever irregularity may have existed in the ordering of plaintiff's work and goods within all the authorities, there was ample proof to show that the contract with the plaintiff was fully ratified and confirmed. (*Clute* v. *Robinson*, 38 Hun, 283; *Smith* v. *City of Utica*, 25 N. Y. S. R. 287; *Schier* v. *City of Buffalo*, 35 Hun, 564; *A. C. N.*

*Bank* v. *City*, 92 N. Y. 363 ; Bishop on Cont. § 1110 ; *Benedict* v. *Smith*, 10 Paige, 127 ; *Elwell* v. *Chamberlain*, 31 N. Y. 611 ; *Hazard* v. *Spears*, 2 Abb. Ct. App. Dec. 353:; *Andrew* v. *E. L. Ins. Co.*, 92 N. Y. 590 ; Story on Agency, § 255 ; *Pickett* v. *Pierson*, 17 Vt. 470 ; *Bredire* v. *Dubany*, 14 S. & R. 27 ; *Peck* v. *Retchey*, 66 Mo. 114 ; *W. & A. R. R. Co.* v. *McElee*, 6 Heisk, 208 ; *Walker* v. *Walker*, 7 Baxter, 260 ; *Law* v. *Cross*, 66 U. S. 533 ; *Fisher* v. *School District*, 4 Cush. 494.)

BROWN, J.    The facts found by the learned trial court fully sustain the judgment in this action.

The fourth finding that " the committee on public buildings set apart and ordered to be fitted up in the city. building rooms for the use of said officers," was not excepted to, and is conclusive upon this court in our consideration of the case. We need not inquire, therefore, whether it had evidence to support it or not.

The power delegated to the committee by the resolution of the common council was " to set apart and fit up rooms for the use of city officers who had been left without any office room by reason of the destruction of the city hall by fire."

The officers who had thus been deprived of their offices were specified in the fourth finding to which, as already stated, there is no exception.

It thus appears without dispute that the committee did the very thing it was empowered to do, unless some distinction is to be made between the fact that the committee was by the resolution directed to "fit up the room," and the finding that it " ordered the room to be fitted up."

But the learned counsel for the appellant makes no such distinction.    His claim is that the committee never met or acted together, and that the plaintiff sold the goods on the order of Zimmerman and Gorman, and that their action was individual and not by authority of the committee.    But we must accept the finding of the trial court, which is that the committee gave the order.    This assumes joint action.

The question of the defendant's liability becomes, therefore, one of corporate power. We are not referred to any provision of the charter of the city which limits the power to make such purchases as are involved in the plaintiff's claim or any which provides that such contracts shall be made in a particular manner.

The section which declares it unlawful for any member or members of the common council, whether a committee or otherwise, to make any disbursement of corporate moneys or incur any expense in behalf of the city, unless previously ordered by the common council, etc., was a limitation upon the action of committees and individual aldermen. It did not curtail or affect the power of the common council. (*Albany City Nat. Bank* v. *City of Albany*, 92 N. Y. 363.)

But the appellant's claim is that authority given to the committee was one calling for the exercise of judgment and discretion and could not be delegated.

The principle of law is well established that public powers or trusts devolved by the charter upon the common council are to be exercised when and in such manner as it shall determine and cannot be delegated.

In other words the governing body of the city cannot confer upon one of its committees the power to perform acts which relate to the government of the city. But that principle has no application to this case.

The leasing or furnishing of a room for the transaction of the city's affairs is a mere business act, and in its power to perform it the city differs in no respect from an ordinary business corporation or an individual, and it may delegate the power to perform such acts to agents or committees.

The power given to the committee to "fit up the rooms," conferred authority to do whatever was necessary to that end.

It would doubtless tend generally to an economical administration of affairs if the articles required should be specifically enumerated by the council or a limit put to the expenditure to be made. But the argument that such general authority may lead to extravagance and a waste of the municipal funds

has no foundation in this particular case, as the committee appear to have kept well within the necessities of the occasion and no complaint is made that the carpets and desks sold by the plaintiff were not proper within the requirements of the resolution and fully worth the prices charged.

It would hardly be practicable for all or a majority of the members of a common council to attend to the details of such purchases, nor can it be said to be unlawful for the committee to permit one or two of its members to make selection of the particular article of furniture required. And when the work and material have been actually ordered by the common council and the city has had the full benefit of them without objection from any of its officers, very slight evidence is sufficient to support a finding that any irregularities in the committee's action have been waived and their general acts ratified.

Assuming then that in this case the committee's action in permitting one of their number to order and select the goods sold by the plaintiff was an irregularity, the evidence is ample to sustain the finding of the court that the acts pursuant to which the plaintiff's claim was contracted were ratified and confirmed.

But upon another principle of law, the defendant is liable.

That corporations may be bound upon implied contracts made by its agents and to be deduced from corporate acts without a vote of the governing body is now well established.

Within the practical application of that rule, such a contract must be within the scope of the corporate powers and must not be one which the charter or law governing the corporation requires should be made in a particular way or manner. (Dillon on Municipal Corp. §§ 383, 384, and cases cited in note; 2 Kent's Com. 291; *Bank of Columbia* v. *Patterson*, 7 Cranch. 299; *Peterson* v. *Mayor, etc.*, 17 N. Y. 449; *Harlem Gas Light Co.* v. *Mayor, etc.*, 3 Robt. 124; affd. 33 N. Y. 309; *Nelson* v. *Mayor, etc.*, 63 N. Y. 535; *McCloskey* v. *Mayor, etc.*, 7 Hun, 472.)

When the act done is *ultra vires*, it is void and there can be no ratification, and when the mode of contracting is limited

and provided for by statute, an implied contract cannot be raised. But a corporation, like an individual, is liable upon a quantum meruit when it has enjoyed the benefit of the work performed or goods purchased, when no statute forbids or limits its power to make a contract therefor.

None of the cases cited by the appellant hold to the contrary. *Brady* v. *Mayor, etc.* (20 N. Y. 312), *Donavan* v. *Mayor, etc.* (33 id. 291), *McDonald* v. *Mayor, etc.* (68 id. 23), *Parr* v. *Greenbush* (72 id. 463), *Smith* v. *City of Newburgh* (77 id. 130), *Dickinson* v. *Poughkeepsie* (75 id. 65), *Lyddy* v. *L. I. City* (104 id. 218), were all cases where the contracts sought to be enforced were either *ultra vires* or were executed in express violation of law.

Here the power to make a contract for the work done existed, and the city, having had the benefit of such work, is liable for its value.

The fact that the order to the plaintiff was given by one of the committee, or even by the janitor, as it appears to have been done in some instances, affords no defense to the claim.

If the council had ordered the committee to purchase coal to heat the public buildings, it would not be seriously claimed, after the coal had been delivered and burned, that the fact that the committee permitted the janitor to give the order to the merchant, that the city were relieved from paying. Such matters do not belong to the governmental department of the city, and it can afford no defense that the power to purchase was delegated to an inferior agent.

The judgment should be affirmed, with costs.

All concur, VANN, J., in result.

Judgment affirmed.