MOLLOY, Respondent, v. CITY OF NEW ROCHELLE, Appellant. (Supreme Court, Appellate Division, Second Department. December 29, 1905.) Appeal from Trial Term, Westchester County. Action by Frank W. Molloy against the city of New Rochelle. From a judgment for plaintiff, and from an order denying a motion on the minutes for new trial, defendant appeals. Affirmed. William D. Sawyer, for appellant. L. Laflin Kellogg, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

WOODWARD, J. (dissenting). The plaintiff entered into a contract in writing with the defendant on the 19th day of February, 1901, for the widening, regulating, and grading of that part of Ninth street, in the city of New Rochelle, between a point opposite the entrance to Rochelle Park northerly to a point known as "Cooper's Corners," the city agreeing to pay therefor the sum of $27,100. The charter of the defendant (chapter 128, p. 163, of the Laws of 1899) provides in section 33 that

"whenever any expenditures to be made or incurred by the common council or city board or any city officer in behalf of the city for work to be done, or materials or supplies to be furnished, except ordinary repairing and macadamizing of streets, shall exceed two hundred dollars, the city clerk shall advertise for and receive proposals therefor, in such manner as the common council, or as the board or officer charged with making such contract shall prescribe, and the contract therefor shall be let to the lowest responsible bidder, who shall execute a bond to said city with one or more sureties, being freeholders, for the faithful performance of the contract. * * * When the lowest bid, in the opinion of the common council, board or officer charged with making the contract is too high, they shall, if the common council consent thereto by resolution, have the right to reject it, and may discontinue or abandon the work or may direct the clerk to advertise for new proposals, or with the consent of the common council, such work may be done without public letting. If, however, the estimated expenditure does not exceed five hundred dollars, the work may be done without a public letting, if the common council by resolution consent thereto." It is plain, therefore, that the defendant has no authority to contract any obligation in behalf of the city, except for the limited purpose of making ordinary repairs and macadamizing of streets, in excess of $200 (or with the consent of the common council, $500) without first having advertised for and received bids for the same; and it is provided by statute, as well as by the common law, that "no corporation shall possess or exercise any corporate powers not given by law, or not necessary to the exercise of the powers so given." Section 10, General Corporation Law (Laws 1892, p. 1804, c. 687). It is not claimed that the defendant failed to advertise for bids, or that it neglected any of the details prescribed by the charter, nor is there any suggestion that the plaintiff in this action was not the lowest bidder for the work as proposed, and if his cause of action was based upon the contract for doing the work contemplated in the original bidding we should have no difficulty in sustaining the judgment. The weakness of the plaintiff's case is that his action is to recover for extra work and materials furnished upon the written order of the city engineer, under a provision in the original contract which has no proper place in the contract, or, at least, it cannot be made to cover the claim of the plaintiff, which is largely in excess of any amount which the city was authorized to spend without submitting the same to competition. The provision of the contract under which the plaintiff claims to have performed extra labor and to have furnished materials, is as follows: "The contractor shall also do such extra work in connection with this contract as the engineer may in writing specially direct, and in a first-class manner at a price to be agreed upon in writing in advance by and between the said contractor and the city engineer; and in case of a failure to so agree the contractor shall do the work as aforesaid and be allowed in payment therefor the actual cost in labor and materials, together with 20 per cent. on such cost in addition thereto. The said cost of such extra work to be determined by the engineer; but no claim for extra work shall be allowed, unless the same was done in pursuance of a written order, as aforesaid, to do the work as such." Acting under this clause of the contract the city engineer ordered, and the plaintiff performed, extra work aggregating over $8,750, and the jury have found a verdict in favor of the plaintiff, which, with some offsets evidently allowed upon the defendant's counterclaim, would aggregate this amount. The defendant appeals from the judgment, and from the order denying a motion for a new trial, upon the grounds stated in section 999 of the Code of Civil Procedure.

The defendant has had the benefit of the work and materials, and we regret that in this case, where the plaintiff appears to have acted in good faith, there is no way, consistent with public policy and established law, to permit of his recovery; but individuals, as well as courts, must take notice of the extent of the authority conferred by law upon a person acting in an official capacity, and the rule applies in such a case that ignorance of the law furnishes no excuse for any mistake or wrongful act. Hawkins v. United States, 96 U. S. 689, 691, 24 L. Ed. 607, and authorities there cited. This principle may sometimes, as in the case at bar, work hardly; but it is better, says the United States Supreme Court, "that an individual should occasionally suffer from the mistakes of public officers or agents, than to adopt a rule which, through improper combinations or collusion, might be turned to the detriment and injury of the public." Whiteside v. United States, 93 U. S. 247, 257, 23 L. Ed. 882. The common council was limited in its power to contract. It undertook a public improvement, and it secured bids upon the amount of work covered by its plans and specifications, and it entered into a contract with the plaintiff to perform this work for $27,100. It appears that the work which has been done under this contract, as extended by the clause for extra work, has cost in the neighborhood of $35,000, and upon this improvement, as worked out, there has been no submission to competition. If we view the work as a $35,000 improvement, it is plain that there was no competition upon any part of the contract, for the work to be performed was not known and was not the subject of the competitive bids; while, if it is considered merely as an additional improvement, at a cost of $8,750, there is absolutely no competition in the matter, and to this extent it is wholly void. As was said by the Court of Appeals in a similar case: "The statute absolutely requiring all contracts for the whole or any part of this reservoir to be made with the lowest bidder, after public notice and receiving proposals, and the commissioners having no power to contract otherwise, it follows from what has been said that this contract is in excess of their powers, illegal, and void." Dickinson v. City of Poughkeepsie, 75 N. Y. 65, 73. And the court continues: "Being void when executory, its execution does not confer upon the plaintiffs any right of action thereunder. There is no ratification of a void contract, for the commissioners

had no power to contract, either by ratification or otherwise, except with the lowest bidder, upon advertisement. A promise to pay cannot be implied, where there is no power to contract." In the case cited there was a provision in the contract for extra work very similar to the one here involved, and the court held that this provision was void. In the case at bar the common council adopted a resolution authorizing the work ordered by the city engineer to be done; but this does not help the plaintiff, for the reason that the common council had no more authority to order extra work, involving an expenditure of more than $200 (or $500) without advertising for bids than it had to order the original work. "The cases generally hold," say the court in Dickinson v. City of Poughkeepsie, 75 N. Y. 75, "that there can be no recovery against a municipality for services performed upon a contract void for want of power to make it, although performed upon the property of the municipality, and of which they have the benefit. As was said in Burrill v. Boston, 2 Cliff. 590 [Fed. Cas. No. 2,198], there can be no implied promise to pay upon a quantum meruit, where there is no power to contract, either expressly or impliedly, except upon a written contract with the lowest bidder after advertisement"—citing authorities. See Kramrath v. City of Albany, 127 N. Y. 575, 581, 28 N. E. 400.

Plaintiff suggests that this question was not fully raised in the pleadings; but, as it is a jurisdictional question, it is not essential that it should have been raised with great precision. The pleadings did set up a defense that the common council was not authorized to make a contract which delegated its discretion to the city engineer, and which permitted such engineer to determine the price to be paid for the work without submitting the claim to the common council for audit, and I am of opinion that the plaintiff, who never had any valid, legal claim against the defendant, cannot take advantage of any carelessness on the part of the defendant in failing to bring out the exact defect in the contract. The municipality never had any power to make the contract under which the plaintiff claims. That contract is, in law, as though it had never been performed, and the courts cannot permit a recovery upon a contract void for want of power to make it. The judgment and order appealed from should be reversed, with costs.

HOOKER, J., concurs.