397 A.2d 896.

HURDIS REALTY, INC. *vs.* TOWN OF NORTH PROVIDENCE, *et al.*

FEBRUARY 14, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J.   This is an appeal by the defendant from a judgment of the Superior Court awarding the plaintiff money damages as a result of expenditures incurred when the plaintiff was forced to hire private parties to repair a blocked sewage line after town officials refused to make the repairs. After a non-jury trial the trial justice held that the plaintiff was entitled to recover under either an implied contract or tort cause of action. Because we believe that the plaintiff has properly made out a cause of action for recovery in quasi-contract, we affirm.

The facts are undisputed. The plaintiff, Hurdis Realty, Inc., is the owner of a building situated at the corner of Charles Street and Mineral Spring Avenue in North Providence. On or about June 18, 1973, Frank Hurdis, plaintiff's president, was informed that the sewage was not flowing properly from the building. After personally inspecting the site, Hurdis employed a plumber who determined that the

cause of the blockage was located past plaintiff's property line, somewhere under Mineral Spring Avenue. Hurdis proceeded to the North Providence Town Hall where he requested that the town council president remedy the problem. The latter replied that before he could order any repair work, he required a report from the sewer superintendent. Accordingly, the superintendent went to the site, removed a sewer cover on Mineral Spring Avenue some one hundred feet down from plaintiff's property, peered in, and observed that the sewer main was flowing freely. He therefore stated that there was nothing he could do. Hurdis again contacted the town council president and reiterated his request that the blockage be removed. The president again refused, relying upon the sewer superintendent's report.

Having met with no success by proceeding through the "proper channels," and faced with a problem requiring immediate attention, Hurdis hired a private sewer contractor to remove the blockage. A permit to excavate a portion of Mineral Spring Avenue was obtained from the appropriate state authorities, and municipal police officers were hired to direct traffic while the repair work was underway. The contractor dug down some fourteen feet in the middle of the street and located the source of the blockage. A chimney pipe, which contains a "Y" connection enabling the lateral sewer lines of property owners to connect with the main sewer line below, was damaged, thereby preventing sewage from flowing into the main sewer line. The private contractor repaired the damaged pipe.

To obtain the necessary repairs, plaintiff was required to spend $4,773.29. On March 1, 1974, plaintiff presented its claim for reimbursement to the town council, as required by G.L. 1956 (1970 Reenactment) §45-15-5. When the claim was not satisfied, it filed suit in Superior Court on July 25, 1974. Following a nonjury trial, the trial justice found that plaintiff was entitled to recover the amount it had spent for the repair work, plus interest. The defendant raises two issues on appeal. First, it argues that plaintiff's right to

recover, if it has this right at all, sounds in tort and consequently plaintiff's claim is barred by the then applicable one-year statute of limitations. *See* G.L. 1956 (1969 Reenactment) §9-1-25. Second, it contends that plaintiff failed to make out a cause of action in the implied contract.

Although plaintiff's complaint did not specify whether it was proceeding on a tort or contract theory, the trial justice clearly found for plaintiff on the basis of an implied-in-law contract. Unlike an express or implied-in-fact contract for which mutual assent is necessary, in an implied-in-law or quasi-contract, liability is implied by the law and arises from the facts and circumstances irrespective of any agreement or presumed intention. In such a case the intent of the parties is not dispositive. As we stated in *Bailey* v. *West,* 105 R.I. 61, 249 A.2d 414 (1969):

> " 'In quasi-contracts the obligation arises, not from consent of the parties, as in the case of contracts, express or implied in fact, but from the law of natural immutable justice and equity. * * * Where a case shows that it is the duty of the defendant to pay, the law imputes to him a promise to fulfill that obligation. The duty, which thus forms the foundation of a quasi-contractual obligation, is frequently based on the doctrine of unjust enrichment.' " *Id.* at 66, 249 A.2d at 417, *quoting* 12 Am.Jur. *Contracts* §6 at 503-04 (1938).

In order to prove a quasi-contract it must be shown that: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant appreciated the benefit, and (3) under the circumstances it would be inequitable for the defendant to retain such benefit without payment of the value thereof. *Bailey* v. *West, supra* at 67, 249 A.2d at 417.

A municipality, no less than a private individual, may be liable upon the principle of unjust enrichment when it has enjoyed the benefit of work performed and when no statute forbids or limits its power to contract therefore. *See, e.g., City*

*of New York* v. *Davis,* 7 F.2d 566, 573-74 (2d Cir. 1925); *Kramrath* v. *City of Albany,* 127 N.Y. 575, 581, 28 N.E. 400, 401 (1891); *Shulse* v. *City of Mayville,* 223 Wis. 624, 629, 271 N.W. 643, 645 (1937). *See generally* 10 McQuillin, *The Law of Municipal Corporations,* §29.111, at 536 (3d ed. 1966). It is undisputed that municipalities have the power to enter into contracts with respect to their sewer systems. *Id.* §31.13, at 189. The defendant concedes that it had a duty to maintain its sewer lines properly and that failure to provide proper maintenance will render it liable for resulting damages. It argues, however, that this liability is in tort rather than in contract. To bolster its argument, defendant points to our decision in *Rotella* v. *McGovern,,* 109 R.I. 529, 288 A.2d 258 (1972), where we permitted recovery in tort for the negligent maintenance of a sewer system. That case does not stand for the proposition that only tortious conduct in relation to a municipal sewer system is compensable. Unlike the instant case, in *Rotella* the plaintiff did not repair a broken sewer line and therefore conferred no benefit upon the town.

By statute defendant is empowered to assess users of the sewer system and utilize the revenues thereby derived for the maintenance of the sewer system. *See* G.L. 1956 (1970 Reenactment) §§45-15-1, -5. Even though it is subject to such an assessment, plaintiff was further required to expend its own funds to repair a damaged portion of the town's sewer lines. In so doing, plaintiff clearly conferred a benefit upon the town and fulfilled what was essentially a municipal responsibility. The town, particularly the town council president and sewer superintendent, was fully aware of the repair work. Under these circumstances it would be manifestly inequitable for defendant to benefit from the fruits of plaintiff's labor without paying for the value of that benefit.

Because we have concluded that the plaintiff has made out a proper case for recovery in quasi-contract, we need not address the statute of limitations issue raised by the defendant.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court for further proceedings.

*John M. Booth,* for plaintiff.

*Anthony M. Gallone,* for defendants.